27 F.3d 564
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tyrone ANDERSON, a/k/a Ty, Defendant-Appellant.
 No. 93-5941.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 24, 1994.
Decided June 15, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Robert E. Payne, District Judge. (CR-93-68)
 Stephen L. Grobel, Hampton, VA, for appellant.
 Helen F. Fahey, U.S. Atty., Harvey L. Bryant, III, Asst. U.S. Atty., Norfolk, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, WILKINSON, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Tyrone Anderson pled guilty to possession of three grams of crack cocaine with intent to distribute, 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1994). He appeals his sentence of eighty-four months imprisonment, alleging that the district court clearly erred in denying him an adjustment for acceptance of responsibility. United States Sentencing Commission, Guidelines Manual, Sec. 3E1.1 (Nov.1993). We affirm.
 
 
 2
 Anderson was arrested after he was observed on a street corner apparently engaging in drug activity. He had three grams of crack and a film canister in his pocket. During the arrest, Anderson said, "I guess you caught me dirty." However, he subsequently entered a not guilty plea. On the day scheduled for trial, Anderson changed his plea to guilty. At the Rule 11 hearing, he agreed with the factual basis which stated that he had crack in his pocket when arrested. But in his subsequent interview with the probation officer, Anderson denied possessing any crack at the time of his arrest. As a result, the probation officer initially recommended that Anderson not receive an adjustment for acceptance of responsibility.
 
 
 3
 After the presentence report was prepared, Anderson requested a second interview with the probation officer. In that interview, he acknowledged possessing the crack. The probation officer then amended the presentence report and recommended that Anderson be given the reduction.
 
 
 4
 At the sentencing hearing, the district court heard testimony from the agent who had arrested Anderson and from the probation officer. Defense counsel disputed the probation officer's account of her first interview with Anderson, and testified that he believed Anderson had admitted possessing the crack, although he had not taken notes and relied solely on his memory. The district court reviewed the probation officer's notes of the first meeting and found that they confirmed her testimony, and that Anderson had not accepted responsibility for his conduct at that interview. The court found Anderson's subsequent acknowledgment of guilt at the second interview untimely, and denied the adjustment.
 
 
 5
 Anderson argues on appeal that he demonstrated acceptance of responsibility by the statement he made when he was arrested, by his guilty plea, and by the assertion of acceptance of responsibility he made at sentencing after the district court had already made its finding. He argues that the court erred in considering only the timing of his acceptance, and in arbitrarily making the first interview with the probation officer the cut-off point.
 
 
 6
 Although Anderson acknowledged his guilt when arrested, he pled not guilty and forced the government to prepare fully for trial. His guilty plea was entered just before the scheduled trial. After admitting guilt at the Fed.R.Crim.P. hearing, he reneged on his admission of guilt in his initial interview with the probation officer, and only resurrected it after the presentence report was prepared.
 
 
 7
 The timeliness of the conduct by which a defendant shows that he has accepted responsibility is a factor the district court may consider. U.S.S.G. Sec. 3E1.1, comment. (n.1(h)). A guilty plea is significant evidence of acceptance of responsibility, but it may be outweighed by conduct inconsistent with the recognition of guilt. U.S.S.G. Sec. 3E1.1, comment. (n.3). In light of the timing of Anderson's guilty plea and the on-again-off-again nature of Anderson's admission of guilt, we find that the district court was not clearly erroneous in denying the adjustment.
 
 
 8
 We therefore affirm the sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED